SAMUEL REICH, ET AL.
vs.
HARTFORD NATIONAL BANK AND TRUST CO.,
ADMINISTRATOR, c.t.a.

Superior Court     Hartford County     File #55304

Present: Hon. EDWIN C. DICKENSON, Judge.

Adrian W. Maher,     Attorney for the Plaintiffs.

Robinson, Robinson & Cole,     Attorneys for the Defendant.

## MEMORANDUM FILED MAY 29, 1937.

DICKENSON, J. The action is against the administrator of the estate of one who, prior to his death was under the defendant as a conservator. The plaintiff rendered services at the request of the decedent for the purpose of removing the conservator in the Probate Court. It is alleged, and for the purposes of this pleading true, that the services were reasonably worth $3500. Claim was made for this of the defendant administrator and disallowed. No appeal was taken from the order.

The defendant demurs on several grounds. The final one is that the court is without jurisdiction it not being an appeal from a Probate Court which had primary jurisdiction.

The claim is implied contract for services furnished a ward. Made after his death against his estate it necessarily came within the provisions of **G. S., Sec. 4914.** It may be pursued in this court under the provisions of **G. S., Sec. 4919** which by implication, at least, allows it. **Reilly vs. Healey, 122 Conn., 64, 79,** cited by the defendant in support of a claim of lack of jurisdiction in this court of the subject matter relates to "a power vested **exclusively** in the Court of Probate."

The remaining grounds of demurrer have to do with the right of the plaintiff to recover for services rendered the decedent while under a conservator.

The status of a supposedly insane person under a conservator is recognized by the authorities to be analogous to that of a minor. It was held in **Munson vs. Washband, 31 Conn., 303** that lawyer's services may be a necessary depending upon whether they are a necessity. It was said in that case that the minor was in a helpless and almost desperate condition and "had valid claims upon the author of her calamity . . . . by which, if she could enforce them by suit at law she could obtain relief," etc. **(P. 305)** and **Sec. 31 C.J. (Infants) 1080.**

The rule has been applied in fact as well as theory to insane persons and it has been held that as the services of an attorney may be necessary to protect the liberty of an alleged non

compos he may be liable for the reasonable value of legal services.

**Law of Insanity, Smoot, p. 290, 14 R.C.L. 587.**

While one under a conservator is incapable of making an express contract, **(Doris vs. McFarland, 113 Conn. 594)** he may be liable upon a quantum meruit for services arising out of that contract, apparently, depending upon the question of necessity.

The demurrer is overruled on all grounds.