[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
On September 17, 1991, the plaintiff, Town of Windsor, filed a five count complaint against the defendants, F. J. Dahill Company (Dahill), a roofing contractor, and General Electric Company (GE), a roofing materials manufacturer, seeking recovery for alleged breaches of warranties by the defendants. The plaintiff alleges that it suffered monetary damages as a result of deficiencies in construction of various sections of the Windsor High School roof in 1981-1982 and from defendants' breach of their continuing duty to inspect, repair and provide for a leak-free roof after the construction completion dates for the various sections of the roof.
In the first count of its complaint, the plaintiff alleges that the defendant Dahill breached a ten-year warranty, running from October 22, 1981, pertaining to construction work, under the 1981 contract, performed by Dahill in the re-roofing of sections K, L, M and N of the Windsor High School roof. Similarly, in the second count of its complaint, the plaintiff alleges that the defendant Dahill breached a ten-year warranty, running from the completion date of the July 20, 1982 contract between plaintiff and defendant Dahill, pertaining to construction work performed by Dahill in the re-roofing of sections A, A1, B, B1, C, D, D1, E, E1, P and P1 of the Windsor High School roof. In the third count of its complaint, the plaintiff alleges that the defendant GE issued a ten-year warranty applicable to sections A, A1, B, B1, C, D, D1, E, E1, P and P1 and that GE breached this warranty. However, in paragraph thirteen of this count, plaintiff asserts that it was defendant Dahill's breach of warranty that proximately caused the plaintiff's damages. In the fourth count of its complaint, the plaintiff alleges that defendant Dahill, pursuant to the 1981 and 1982 contracts and contract documents, had a continuing duty from the completion dates of 1982 and October 4, 1982 to inspect, repair and provide for a leak-free roof at sections K, L, M and N and sections A, A1, B, B1, C, D, D1, E, E1, P and P1 of the Windsor High School roof, respectively. The plaintiff alleges that defendant Dahill breached this continuing duty and, as a proximate result, the plaintiff suffered damages. In the fifth count of its complaint, the plaintiff alleges that defendant GE had a continuing duty from October 4, 1982 to inspect, repair and provide for a leak-free roof at sections A, A1, B, B1, C, D, D1, E, E1, P and P1 of the Windsor High School roof and that GE breached this duty. Nonetheless, as in count three, in paragraph fourteen of this count, plaintiff alleges CT Page 10032 that it was defendant Dahill's breach of warranty that proximately caused plaintiff's damages.
On December 20, 1991, the defendant Dahill filed a motion to strike the plaintiff's entire complaint on the ground that none of the counts state a claim upon which relief can be granted and, thus, are legally insufficient. Defendant Dahill argues that counts one, two and four are barred by the applicable statute of limitations. Defendant Dahill further argues, with respect to count four, that no cause of action in tort for the breach of a continuing duty "to inspect, repair and provide for a leak-free roof" exists against a contractor, separate and apart from an action based upon breach of warranty. The defendant asserts with respect to counts three and five that, as pled, these counts do not state breach of warranty actions against defendant Dahill because the warranties which are the subjects of these counts were not issued by defendant Dahill, but by GE.
As required by Practice Book Section 155, the defendant Dahill has filed a memorandum in support of its motion to strike, and the plaintiff has timely filed a memorandum in opposition. The defendant Dahill has also filed a memorandum in reply to the plaintiff's opposition memorandum.
The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). If acts provable under the allegations of the complaint would support a of action, the motion to strike must fail. Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). In deciding upon a motion to strike, the court shall construe the facts alleged most favorably to the pleader. Gordon v. Bridgeport Housing Authority, supra. The facts alleged will be viewed broadly "including the facts necessarily implied by and fairly provable under them." Schmidt v. Yardney Electric Corp.,4 Conn. App. 69, 74, 495 A.2d 512 (1985); see Zeller v. Mark,14 Conn. App. 651, 654, 542 A.2d 752 (1988).
Counts One and Two
In the present case, the defendant moves to strike counts one and two on the ground that they are barred by the six year statute of limitations contained in General Statutes Section CT Page 1003352-576. The plaintiff, in its opposition memorandum, contends that the language in the warranty which allegedly applies to all municipal and school buildings explicitly established a "continuing duty" to repair the roof. The plaintiff alleges that Dahill breached this duty and, thus, breached the warranty. Plaintiff argues that when the wrong sued upon involves a continuing course of conduct, the statute of limitations does not begin to run until after that course of conduct is completed. Plaintiff further contends that "since repairs performed pursuant to the defendant's contract are alleged to have occurred as recently as 1991 the course of conduct complained of was not completed until then and this action has been brought within less than one year of said date."
Pursuant to Practice Book Section 164, ordinarily, the statute of limitations defense must be specially pleaded. Thus, generally, it is improper to determine that issue by a motion to strike because the plaintiff may be deprived of an opportunity to plead a matter tolling the statute of limitations Hoffmiller v. Joseph, 18 Conn. Sup. 143, 144 (Super Ct. 1952); see also Aduskevich v. Connecticut National Bank, 5 CSCR 210,211 (March 1, 1990, Hennessey, J.). However, a motion to strike is the proper vehicle to raise the statute of limitations issue where the parties agree to the pertinent facts, where the complaint anticipates the statute of limitations defense and attempts to overcome it, or where the statute creating the right fixes the time of its enforcement. Morrisette v. Archambault,31 Conn. Sup. 302, 303 (Super.Ct. 1974); see also MacKenzie v. Caldor, Inc., 5 CSCR 557 (June 18, 1990, Lewis, J.); Kozanski v. The Tobacco Shed, 5 CSCR 47 (November 14, 1989, Hennessey, J.). This case does not fall within any of the above exceptions to the general rule that the statute of limitations should not be raised by way of a motion to strike. It is not clear on the face of the complaint that counts one and two are barred by the statute of limitations contained in General Statutes Section52-576 since the plaintiff alleges a continuing duty on the part of the defendant Dahill which may toll the statute of limitations. The plaintiff should have an opportunity to assert that the statute of limitations was tolled.
Furthermore, in determining the legal sufficiency of the complaint, the court is limited to the facts alleged in the pleading. Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990). A motion imparting facts from outside the pleadings is a "speaking motion to strike" and will not be CT Page 10034 granted. Connecticut State Oil Co. v. Carbone, 36 Conn. Sup. 181,182-83, 415 A.2d 771 (Super.Ct. 1979). In the instant case, the plaintiff, in its memorandum in opposition, relies upon a ten-year letter of warranty from defendant Dahill, which plaintiff attaches as Exhibit "A" to its memorandum. The defendant also refers to Exhibit "A" in its reply memorandum. Because this letter of warranty was not attached to the complaint, it may not be used to decide whether the complaint is legally sufficient.
In addition, the plaintiff argues in its memorandum in opposition to the motion to strike that defendant Dahill's "warranty explicitly and affirmatively established a continuing duty to repair the roof . . . ." The question of whether there was a "continuing duty" is a factual one which, in this case, cannot be decided solely on the facts alleged in the complaint.
Therefore, with respect to counts one and two, since the statute of limitations should be asserted as a special defense and the motion is a "speaking motion to strike," the motion is denied.
Count Four
In count four, the plaintiff alleges that the defendant Dahill had a "continuing duty" . . . to inspect, repair and provide for a leak-free roof. Also, in count four, the plaintiff incorporates the allegations of paragraph six of counts one and two, in which the plaintiff specifically alleges an express contractual duty on the part of Dahill to inspect and repair. In its motion to strike, the defendant Dahill characterizes count four as a tort action and contends that no such duty in tort exists. The plaintiff, in its opposing memorandum, however, characterizes count four as a contract action, and it is submitted that the allegations of the complaint support that characterization. Therefore, the motion to strike count four, on the ground that such a cause of action in tort does not exist, is denied.
In the alternative, defendant Dahill contends that, even if such a tort cause of action exists, it is barred under the applicable statute of limitations contained in General Statutes Section 52-584. First, as discussed above with regard to counts one and two, ordinarily, the motion to strike is an improper vehicle to decide the statute of limitations issue. Hoffmiller CT Page 10035 v. Joseph, supra. In addition, determining whether a "continuing duty" existed which would toll the statute of limitations would require considering facts from outside the complaint. Furthermore, since the allegations of count four may be construed so as to present a cause of action in contract, General Statutes Section 52-584, the limitation of an action for injury to person or property, may not be applicable here.
Hence, defendant Dahill's motion to strike count four on the ground that it is barred by the statute of limitations is denied.
Counts Three and Five
In count three of its complaint, the plaintiff alleges that the defendant GE issued a ten-year warranty which it allegedly breached. Similarly, in count five of its complaint plaintiff alleges that defendant GE had a "continuing duty" to inspect, repair and provide for a leak-free roof which it allegedly breached. Nevertheless, in both counts, the plaintiff alleges that it suffered damages as a result of defendant Dahill's breach of warranty.
In its memorandum in opposition, the plaintiff asserts that the improper inclusion of defendant Dahill in counts three and five is a typographical error and the plaintiff agrees to amend the complaint. Therefore, the court need not rule upon Dahill's motion to strike as to these counts.
Schaller, J.