[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brought this action, returnable November 5, 1991, against the defendant, John F. Albinger, d/b/a Tiger Turf CT Page 6220-iii Lawn Service ("Albinger"). The complaint alleges that on July 17, 1990, the plaintiff sustained injuries arising out of a two-vehicle accident.
On April 1, 1992, Albinger impleaded Ford Motor Company ("Ford") and Miller Brick/Ford ("Miller") as third-party defendants, claiming common law active-passive indemnification against Ford and Miller. Thereafter, he revised his third-party complaint to allege (1) that the vehicle he was operating was defective in that it was negligently designed and manufactured; (2) that the defective condition was the proximate cause of DePaola's injuries; (3) that Ford and Miller exercised exclusive control over the manufacture and sale of the Albinger motor vehicle; and (4) that Albinger had no reason to anticipate that his vehicle was defective and relied on the fact that the vehicle was not in a dangerous or defective condition.
Defendants Ford and Miller moved to strike the revised third-party complaint on the grounds that it failed to state a legally sufficient claim for indemnification because it failed to allege the existence of an independent legal relationship between the parties; and that Albinger cannot, in good faith, assert that Ford was in exclusive control of the situation that gave rise to the action brought by DePaola.
Indemnification involves a claim for reimbursement in full from one who is claimed to be primarily responsible. Krytatas v. Stop Shop, Inc., 205 Conn. 694, 701 (1988). In general, there is no right of indemnification between joint tortfeasors. Ferryman v. Groton, 212 Conn. 138, 142 (1989). A party "is entitled to indemnification, in the absence of a contract to indemnify, only upon providing that the party against whom indemnification is sought either dishonored a contractual provision or engaged in some tortious conduct." Kaplan v. CT Page 6221 Merberg Wrecking Corp., 152 Conn. 405, 411 (1965).
Indemnification is permitted in tort actions where active-passive negligence is alleged to exist at the time of the accident. Malerba v. Cessna Aircraft Co., 210 Conn. 189, 198
(1989). A cause of action for indemnification based upon active-passive negligence consists of four distinct elements: (1) the third-party defendant against whom indemnification is sought was negligent; (2) its negligence rather than another's was the direct and immediate cause of the accident and any resulting injury; (3) it had exclusive control over the situation; and (4) the party seeking indemnification did not know of the charged party's negligence, had no reason to anticipate it, and reasonably relied on the charged party not to be neglgient [negligent]. Kaplan, supra, 416; Burkert v. Petrol Plus of Naugatuck, Inc.,216 Conn. 65, 74 (1988). Furthermore, "the party seeking indemnification must establish that the alleged indemnitor owed that party a duty based on an independent legal relationship." Atkinson v. Berloni, 23 Conn. App. 325, 328 (1990).
The third-party revised complaint filed by Albinger alleges neither exclusive control by Ford and Miller over the situation at the time of the accident nor the existence of an independent legal relationship between Albinger and the third-party defendants. The lack of those necessary factual elements establishes a failure to state a legally sufficient cause of action. The "motion to strike challenges the legal sufficiency of a pleading. Practice Book 152." Mingachos v. CBS, Inc.,196 Conn. 91, 108 (1985). The motion is properly used to test the legal sufficiency of an impleader complaint. Commissioner v. Lake Phipps Land Owners Corp., 3 Conn. App. 100, 102 n. 2 (1985).
Although the motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos, supra, 108. The court's decision on a motion to strike must be based on "the facts. . . alleged in the complaint; and `cannot be aided by the assumption of any facts not therein alleged."' Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348 (1990). The complaint must be construed "in the manner most favorable to sustaining its legal sufficiency. Bouchard v. People's Bank, 219 Conn. 465, 471
(1991), citing Michaud v. Wawruck, 209 Conn. 407, 408 (1988).
The court is required to view the facts "in a broad fashion, not strictly limited to the allegations, but also including the CT Page 6222 facts necessarily implied by and fairly probable under them." Schmidt v. Yardney Electric Corporation, 4 Conn. App. 69, 74
(1985). "If any facts provable under the express and implied allegations in the. . . complaint support a cause of action. . . the complaint is not vulnerable to a motion to strike. . . ." Bouchard, supra, 471.
The third-party complaint is based on a products liability claim. Section 52-572m et seq., General Statutes, provides the exclusive remedy for claims within its scope and would therefore bar Albinger's claim for active-passive indemnification. Moreover, the protection afforded under our products liability statute is limited to injured parties. Thus, while Albinger might bring an independent action under the statute's provisions for any injuries he claims to have sustained, he has no standing to bring a claim based upon injuries DePaola has alleged that she sustained.
The motion to strike the third-party complaint is granted.
BY THE COURT:
LEANDER C. GRAY, JUDGE