[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE 
This is a summary process action brought in two counts wherein the plaintiff seeks possession of certain premises (including the land, hereinafter referred to as the "Premises") used by the defendant, which Premises are a constituent part of property owned by the plaintiff and known as 252 Cato Corner Road, Colchester, Connecticut. Defendant, whose previous motion to dismiss has been denied by the court, now moves to strike both counts of the complaint. The grounds relied upon by the defendant are set forth in the discussion which follows.
A motion to strike challenges the legal sufficiency of a pleading. Mingachos v. C.B.S., Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). A motion to strike admits all well-pleaded facts and must be denied if the facts alleged state a claim upon which relief can be granted. The complaint must be construed by the court in the manner most favorable to the plaintiff. Blancato v.Feldspar Corporation, 203 Conn. 34, 36, 522 A.2d 1235 (1987).
The defendant claims that the first count of the complaint is defective because allegation of defendant's refusal to enter into a lease (paragraph 4 of the first count) presents no cognizable ground for relief under the summary process statutory framework. Defendant, however, fails to make reference to the remaining CT Page 4069-HHH allegations of paragraph 4 alleging the nonexistence of a lease agreement and the absence of any right to occupy the premises. The first count, when read in its entirety, states a claim under generals statutes § 47a-23 (a)(3).
The defendant further claims that the second count of the complaint, alleging a right to relief because "the lease has expired by lapse of time, is deficient and also must be stricken. Specifically, defendant claims that, in failing to set forth the relevant terms of the lease, plaintiff has failed to allege the existence of a lease. Implicit in the allegation that "the lease has expired by lapse of time," however, is the further allegation of the existence of a lease. In ruling on a motion to strike based on a failure to state a cause of action, a court must take the facts alleged favorably to the pleader and view those facts in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by and fairly provable under them. Schmidt v. Yardney Electric Corporation,
CT Page 40704 Conn. App. 69, 74, 492 A.2d 512 (1985); Fairfield LeaseCorporation v. Romano's Auto Service, 4 Conn. App. 495, 1496,495 A.2d 286 (1985). To the extent that defendant takes issue with plaintiff's failure to set forth the terms of the lease, a request to revise would have been filed pursuant to Practice Book § 147 (that option no longer remaining available under Practice Book §§ 112 and 113 governing the order of pleadings).[1]
Finally, the defendant contends that the complaint in its entirety is defective because the summary process statutes do not apply to commercial tenancies. This contention fails for a number of reasons. First, the complaint (which must be construed most favorably to the plaintiff) nowhere alleges that the premises are used for commercial purposes. Use of the premises for "related family purposes" does not necessarily equate to a commercial use. Second, and more significantly, it is beyond peradventure that the summary process statutes apply to commercial tenancies in any event. Legions of reported and unreported cases involve the application of the summary process statutes to commercial tenancies. Indeed, the statutes themselves expressly refer to commercial properties. See General Statutes §§ 47a-23
(a)(1)(E) and 47a-23 (c). Finally, defendant s reliance uponLarsen v. Timothy's Ice Cream, Inc., 15 Conn. L. Rptr. 41(January 1, 1996) (Tierney, J.) is misplaced. The court there discussed the applicability of Chapters 830 and 831 (General Statutes §47a-1 through 47a-22). regarding the rights and responsibilities of landlords and tenants, to commercial tenancies. Larsen v.Timothy's Ice Cream, Inc., supra, 412. The court did not hold that Chapter 832 (General Statutes § 47a-23 et seq.), governing summary process, is inapplicable to commercial tenancies. This is also apparent because, in denying relief inLarsen, the court there actually analyzed plaintiff's claims under and by reference to the summary process statutes rather than succinctly and summarily concluding (as defendant would suggest) that those statutes were inapplicable to commercial tenancies.
Defendant's motion to strike is denied.
Solomon, J.