[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is defendants' motion to strike count 6 of the complaint, specifically, paragraph 6a-f and h-i.[1] Count 6, which only addresses the defendants, Quarry Road Corp., Larry CT Page 4758 Jacobson, Terry Jacobson, and John Engle, alleges that the defendants negligently failed to erect appropriate signage, markings, railings, or fences on their property; "failed to cut and/or remove vegetation along their property"; installed a defective curb on their property; and improperly designed and used a defective construction plan for paving their property at the end of Quarry Road.
The motion to strike the count claims three deficiencies. They are: (1) "These defendants did not owe plaintiffs a duty to keep public highway Quarry Road in repair"; (2) they did not owe a duty to cut the vegetation along their property; and (3) the plaintiffs "failed to give these defendants the statutorily-mandated written notice required by C.G.S. § 13c-149."[2]
In considering a motion to strike, the court must construe the facts "in a broad fashion, not strictly limited to the allegations." but also including those "fairly provable" under the allegations. Schmidt v. Yardney Electric Corporation, 4 Conn. App. 69,74. This must be done "in the manner most favorable to sustaining [the] legal sufficiency" of the complaint. Michaud v.Wawruck. 209 Conn. 407, 408.
The defendants assert that they do not owe road users any duty to maintain the vegetation on their property as alleged by the plaintiff. The complaint does not state whether the vegetation was natural or artificial nor does it provide any description of the vegetation. Under our law, an owner of property abutting on a highway is required to use reasonable care to keep his premises in such condition as not to endanger travelers in their lawful use of the highway. Sawicki v. Connecticut Railway Lighting Co., 129 Conn. 626, 631. However, this rule generally only applies to artificial conditions. Where the vegetation is naturally occurring and unaltered by the landowner, there is no duty to maintain it. Sawicki v.Connecticut Railway Lighting Co., supra, 634-35. The obligation to construe the facts in the manner most favorable to sustaining the legal sufficiency of the complaint requires the court to assume that the vegetation was an artificial condition planted by the landowner. Therefore, the court will sustain the plaintiff's objection as to this ground.
The second attack on the pleading — "[t]hese defendants did not owe plaintiffs a duty to keep public highway Quarry Road in repair," the defendants appear to have misread the plaintiff's CT Page 4759 allegations. All of the allegations in count 6 clearly refer to the defendants' duty to maintain their own privately owned property and do not allege any duty to maintain the public highway itself. All of the allegations in paragraph 6 specifically contain the phrases "on their property," "of their property," and "along their property."
To the extent that the defendants' memorandum of law includes law relevant to the correct reading of the complaint, the court will limit itself to the grounds as stated in the motion. SeeMeredith v. Police Commission, 182 Conn. 138, 140. If a movant fails to specify the distinct reasons for the claimed insufficiency of the opposing party's pleading in its motion, the motion is fatally defective under Practice Book 154, not withstanding the movant's inclusion of such reasons in its supporting memorandum. Bouchard v. People's Bank, 219 Conn. 465,468 n. 4.
The defendants' final ground for striking count 6 also reflects the same misreading of the complaint. They argue that count 6 should be stricken for failure to provide proper notice pursuant to General Statutes 13a-149. This ground is inappropriate for these defendants because the statute provides for notice for and recovery from the party bound to keep the road in repair. The plaintiff has alleged that the defendants are obligated to maintain their own property, not the public highway.
For these reasons, and all of them, the motion is, accordingly, denied.
Moraghan, J.