[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, New Colony Diner, has filed a motion to strike the defendant's, A A Exterior Home, Inc.'s, revised cross-claim dated June 19, 1996. New Colony Diner alleges that the cross-claim does not properly allege a claim for indemnification under the active/passive negligence doctrine.
The plaintiff Richard A. Cerrato, Administrator of the Estate of Robert H. Barna, alleges that his decedent suffered personal injuries, on February 16, 1994, as a result of a slip and fall in the parking lot of the New Colony Diner. The plaintiff also alleges that New Colony Diner hired A A Exterior Home, Inc. to clear ice and snow from New Colony Diner's parking lot.
A motion to strike tests the legal sufficiency of a pleading.Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). In ruling on a motion to strike, the court must construe the facts alleged in a pleading in the manner most favorable to the pleader. Rowe v.Godou, 209 Conn. 273, 278 (1988). It is axiomatic that, in passing on a motion to strike based on a claim of failure to state a cause of action, the court must take the facts alleged most favorably to the pleader and view those facts in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by and are fairly provable under them. Schmidt v. Yardney Electric Corp., 4 Conn. App. 69,74 (1985). Finally, a motion to strike must be denied if facts provable under the allegations would support any cause of action. Alarm Applications Co., Inc. v. Simsbury Volunteer FireCo., Inc., 179 Conn. 541, 545 (1980).
A claim for indemnification "involves a claim for CT Page 8792 reimbursement in full from one on whom a primary liability is claimed to rest." Kaplan v. Merberg Wrecking Corp., 152 Conn. 405,412 (1965). "Ordinarily there is no right of indemnity . . . between joint tort-feasors." Id. "Where, however, one of the defendants is in control of the situation and his negligence alone is the direct immediate cause of the injury and the other defendant does not know of the fault, has no reason to anticipate it and may reasonably rely upon the former not to commit a wrong, it is only justice that the former should bear the burden of damages due to the injury." Preferred Accident Insurance Co. v.Musante, Berman and Steinberg Co., Inc., 133 Conn. 536, 543
(1947). "[A] party is entitled to indemnification, in the absence of a contract to indemnify, only upon proving that the party against whom indemnification is sought either dishonored a contractual provision or engaged in some tortious conduct."Burkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 74
(1990). "[I]f a claim for indemnification is grounded in tort, reimbursement is warranted only upon proof that the injury resulted from the `active or primary negligence' of the party against whom reimbursement is sought." Burkert, 216 Conn. at 74
(citing Kaplan v. Merberg Wrecking Corp., 152 Conn. at 415).
Proof of active or primary negligence requires a party to establish four separate elements: (1) the other tortfeasor was negligent; (2) the other tortfeasor's negligence, rather than another's, was the direct, immediate cause of the accident and the resulting injuries; (3) the other tortfeasor had exclusive control over the situation; and (4) the party seeking indemnification did not know of the other party's negligence, had no reason to anticipate it and could reasonably have relied on the other party to act without negligence. Kaplan v. MerbergWrecking Corp., 152 Conn. at 416. In addition, the Appellate Court set forth a fifth element. "[I]n order to be entitled to indemnification from a joint tortfeasor, the party seeking indemnification must establish that the alleged indemnitor owed that party a duty based on an independent legal relationship."Atkinson v. Berloni, 23 Conn. App. 325, 328 (1990). There is one Superior Court decision that is looked upon to support the proposition that, contrary to the holding in Atkinson, an independent legal relationship is not required for a claim for indemnification. Commercial Union Insurance Co. v. City of NewHaven, 3 Conn. L. Rptr. 453 (April 10, 1991, Dorsey, J.). However, Atkinson is binding upon the Superior Court until overruled. Consequently, an independent legal relationship is needed to support a claim for indemnification under CT Page 8793 active/passive negligence.
A A Exterior Home, Inc. first must allege that New Colony Diner was negligent. A A Exterior Home, Inc. alleges in paragraph ten of its cross-claim:
 If the plaintiff's decedent suffered any injuries or damages alleged in the complaint and if the defendant A A Exterior Home, Inc., is in any manner found to be legally responsible to the plaintiff as alleged in the complaint said injuries and damages and resulting liability was [sic] proximately caused by the defendant New Colony Diner's carelessness and negligence in one or more of the following ways:
 a. In that the defendant New Colony failed to clear ice and snow which existed in the parking area thereby causing a slippery condition that rendered pedestrian traffic hazardous and dangerous.
 b. In that the defendant New Colony Diner failed to spread salt or sand to alleviate slippery condition that the defendant New Colony Diner either knew or should have been aware of in the exercise of due care.
 c. In that the defendant New Colony Diner or its agents poured water on the steps and parking area of its premises thereby creating an icy and dangerous situation.
 d. In that said hazardous, dangerous and slippery condition had existed for an unreasonable period of time yet no measures had been taken to remedy and correct the same.
 e. In that said parking area was not reasonably maintained and was not safe for the uses and purposes intended.
 f. In that the defendant, New Colony Diner, failed to exercise reasonable care and inspection and should have known of these conditions and should have remedied the same yet the defendant New CT Page 8794 Colony Diner carelessly and negligently failed to do so.
Paragraph ten of A A Exterior Home, Inc.'s cross-claim sets forth sufficient allegations to establish the first element of active/primary negligence.
Second, A A Exterior Home, Inc. must allege that New Colony Diner's negligence, rather than any negligence on the part of A A Exterior Home, Inc., was the direct, immediate cause of the accident and the resulting injuries. A A Exterior Home, Inc. alleged in paragraph eight of its cross-claim, "the defendant New Colony Diner was in exclusive possession and control of the premises where the alleged incident occurred and was therefore solely responsible for any injuries sustained by the plaintiff's decedent." In addition, paragraph ten of A A Exterior Home, Inc.'s cross-claim states, "said injuries and damages and resulting liability was [sic] proximately caused by the defendant New Colony Diner's carelessness and negligence." (emphasis added). Proximately is defined as "directly or immediately." Black's Law Dictionary 1226 (6th ed. 1990). Therefore, A A Exterior Home, Inc. sets forth sufficient allegations to establish the second element of active/primary negligence.
Third, A A Exterior Home, Inc. must allege that New Colony Diner had exclusive control over the situation. Paragraph Eight of A A Exterior Home, Inc.'s cross-claim states, "the defendant New Colony Diner was in exclusive possession and control of the premises." Thus, A A Exterior Home, Inc. sets forth sufficient allegations to establish the third element of active/primary negligence.
Fourth, A A Exterior Home, Inc. must allege that it did not know of New Colony Diner's negligence, had no reason to anticipate it and could reasonably have relied on New Colony Diner to act without negligence. Paragraph seven of A A Exterior Home, Inc.'s cross-claim states, "There had not been any snow fall in the several days prior to February 16, 1994 and therefore, the defendant A A Exterior Home, Inc., had no cause or a duty to be on the premises of the defendant New Colony Diner in the several days immediately preceding the plaintiff's decedent's slip and fall." Paragraph seven states, "the defendant New Colony Diner was in exclusive possession and control of the premises." Finally, paragraph nine states, "At no CT Page 8795 time in the several days preceding February 16, 1994 did the defendant New Colony Diner inform the undersigned defendant A A Exterior Home, Inc., of any dangerous condition existing on the above mentioned premises or request that the defendant A A Home Exterior, Inc., perform any sanding, salting or additional snow removal." Therefore, construing the facts alleged in a broad manner and most favorably to A A Exterior Home, Inc., the cross-claim sets forth sufficient allegations to establish the fourth element of active/primary negligence.
Finally, A A Exterior Home, Inc. must establish that New Colony Diner owed A A Exterior Home, Inc. a duty based on an independent legal relationship. Paragraph three of A A Exterior Home, Inc.'s cross-claim states, "From time-to-time prior to February 6, [sic] 1994 the defendant A A Exterior [Home], Inc. provided snow plowing services to the defendant New Colony Diner on an as needed basis." Paragraph four states, "The agreement between the defendant A A Exterior Home, Inc. and New Colony Diner provided only for snow plowing immediately following a storm." Once again, the court must view the facts alleged in a broad manner and most favorably to A A Exterior Home, Inc. Consequently, an alleged contractual relationship existed between A A Exterior Home, Inc. and New Colony Diner. As a result of this alleged contractual relationship, A A Exterior Home, Inc. argues that New Colony Diner owed it a duty to inform it of any snowy condition on its premises whereby A A Exterior Home, Inc. could then alleviate the condition pursuant to their agreement. Therefore, an independent legal relationship existed between A A Exterior Home, Inc. and New Colony Diner that gave rise to a special duty. The cross-claim sets forth sufficient allegations to establish the fifth element of active/passive negligence.
As a result, A A Exterior Home, Inc. has properly alleged a claim for indemnification under active/passive negligence. Accordingly, New Colony Diner's motion to strike is denied.
L. SCOTT MELVILLE, JUDGE