[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE #113
Viewing the complaint in the light most favorable to the plaintiff the court rules as follows:
First and Second Counts
Motion Denied. Under appropriate circumstances the terms of an employment manual may give rise to an express or implied contract. Carbone v. Atlantic Richfield Co., 204 Conn. 460
(1987).
Whether by virtue of the defendant's specific manual policy representations recited by the plaintiff the defendant intended to alter the at-will relationship of the parties by express or implied contract is a question of intent and fact beyond the scope of a motion to strike. Centi v. Lexington Health CareCenter, et als, (Super.Ct. J.D. New Haven, D.N. CV96-0383535, May 1, 1997, Licari, J.)
Moreover, as to the defendants' argument concerning CT Page 11978 paragraphs 19 and 20, the plaintiff asserts these paragraphs are not a separate cause of action of wrongful discharge but rather a part of her claim for breach of implied contract. This renders the defendants' argument moot.
Third and Fourth Counts
The plaintiff has withdrawn these counts.
Sixth Count
Motion Granted. The plaintiff has tracked the essential elements necessary for civil fraud and incorporated them into this count. However, deceitful conduct, vis a vis the plaintiff, in the context of this case, does not sufficiently invoke the public policy exception. This exception is a narrow one. In evaluating such claims, the court looks to see whether the plaintiff has alleged that her termination violated any explicit statutory or constitutional provision or any judicially conceived notion of public policy. Faulkner v. United Technologies Corp.,240 Conn. 576 (1997). Misleading the plaintiff is no more actionable than falsely accusing her of criminal misconduct.Morris v. Hartford Courant Co., 200 Conn. 676 (1986). UnlikeSchmidt v. Yardney Electric Corporation, 4 Conn. App. 69 (1985), mistakenly relied upon by the plaintiff there are no criminal overtones here or any allegation that the defendants have blocked the plaintiff's exercise of good citizenship.
However, the plaintiff has alleged she was terminated for "racial reasons" which reason clearly contravenes an important public policy.
Perhaps Atkins v. Bridgeport Hydraulic Co., 5 Conn. App. 643
(1985) will get a second look in light of the Supreme Court's conclusion in Bridgeport Hospital v. Commission on Human Rightsand Opportunities, 232 Conn. 91 (1995), that the CHRO lacks authority to award attorney's fees, punitive or compensatory damages. However, for now, at least, Atkins controls and requires the striking of this count. Faulkner v. Sikorsky Aircraft,
11 Conn. L. Rptr. No. 8, 256 (May 2, 1994).
Count Eight
Motion Denied. The issue here is whether the plaintiff has sufficiently pled "extreme and outrageous" conduct. The plaintiff CT Page 11979 must allege more than that she was terminated without just cause.Centi, supra. The plaintiff has crossed this threshold by her allegations of fraudulent misconduct. Reasonable minds can differ on whether this allegedly deceitful conduct rises to the necessary level.
Count Nine
Motion Denied. The mere termination of employment, even if wrongful, is not enough to sustain a claim for wrongful termination. Such a claim must be accompanied by additional factual allegations of unreasonable conduct during the termination process or at the time of discharge. Centi, supra. Again, the plaintiff's allegation of fraud supplies the necessary extra ingredient.
Count Ten
The plaintiff has withdrawn this count.
Count Eleven
Motion Denied. The court is persuaded by the reasoning of St.Germaine v. Ensign-Bickford Co., 20 Conn. L. Rptr. No. 7, 232 (November 3, 1997). A direct action for racial discrimination is permissible here.
Licari, J.