[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Before the court at this time is a motion (#171) filed by the defendant Bairnco Corporation (Bairnco), seeking to strike all seven counts of plaintiff Raymond Torok's substitute complaint dated February 12, 1993. An earlier memorandum of decision by this court dated February 1, 1993, responded to two motions to strike all counts of a substitute complaint dated September 25, 1992. These motions were filed by defendant Ray Proof, a division CT Page 9895 of Shielding Systems Corp. (SSC), and by Bairnco. The motion by Ray Proof was granted as to counts one, two, four, fifth and sixth, and was denied as to the third and seventh counts. Defendant Bairnco's motion to strike all seven counts of the earlier complaint was based on its contention that its only connection with the plaintiff was that its wholly owned subsidiary, SSC, was the former employer of the plaintiff. This motion by Bairnco was granted on the grounds that the complaint failed to state a cause of action under the so-called "identity rule," which permits piercing a "corporate veil" under certain circumstances. In United Electrical Contractors, Inc. v. Progress Builders, Inc., 26 Conn. App. 749, 756,603 A.2d 1190 (1992), the court indicated that the identity rule may be invoked to pierce a corporate veil if two corporate entities are "controlled as one enterprise because of the existence of common owners, officers, directors or shareholders and because of the lack of observance of corporate formalities between the two entities." (Internal quotations and citations omitted.)
Bairnco's current motion to strike the February 12, 1993 complaint contends that this complaint is essentially the same as the previous complaint dated September 25, 1992, and therefore should be stricken for the same reasons. "The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted." Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988); Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. King v. Board of Education,195 Conn. 90, 93, 463 A.2d 1111 (1985). The court must construe the facts most favorably to the pleader. Blancato v. Feldspar, 203 Conn. 34, 36,552 A.2d 1235 (1987). "The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them and if facts provable under the allegations would support a defense or cause of action, the motion to strike must fail (Citation omitted.)" Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545, 427 A.2d 822 (1980).
Paragraph 4 of the first count of the September 25, 1992 complaint simply stated that "Bairnco Corporation furnished corporate, administrative, professional and financial support to its subsidiary, SSC." Paragraph 4 of the first count of the present complaint dated February 12, 1993, specifies the essential elements of the identity rule and therefore is not subject to a motion to strike as was the earlier complaint.[1]
CT Page 9896
However, the seven counts directed against Bairnco in the February 12, 1993 substitute complaint are identical to those that were the subject of the memorandum of decision of February 1, 1993, which ruled on Ray Proof's motion to strike. Thus, the issues addressed by the present motion to strike have already been decided by this court. In the memorandum of decision dated February 1, 1993, the first, second, fourth, fifth and sixth counts were stricken for the reasons stated.[2] The motion to strike filed by Ray Proof was denied as to the third count alleging tortious interference with contract, and as to the seventh count claiming negligent infliction of emotional injury. A review of the current briefs by plaintiff and Bairnco regarding these same seven counts does not warrant a change of opinion as to the merits of the previous motion to strike these counts. Therefore, Bairnco's motion to strike the first, second, fourth, fifth and sixth counts of the February 12, 1993 complaint is granted, and the motion is denied as to the third and seventh counts.
So Ordered.
Dated at Stamford, Connecticut, this 16 day of November, 1993.
William B. Lewis, Judge