[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a suit by the plaintiffs, Carol and Edward Karpicki (Karpicki) to recover their deposit for a home and other damages from American Homes, Inc. (American), Connecticut Land Vest (Land Vest) and Glen Brier (Brier).
COUNT I.
On March 5, 1990, the Karpickis signed a sales agreement for a home at 149 Irene Avenue, Waterbury. Brier also signed the contract and claims to have done so for American. That contract provided the closing would occur on or before July 30, 1990. With the contract, the Karpickis gave $1,000.00 to the real estate agent as a deposit. That contract provided the seller agreed to sell the real estate consisting of a newly constructed home and that all risk of loss was assumed by the seller before the closing.
On April 4, 1990, the Karpickis paid American $2,250.00 and on May 25, 1990, they also paid American $15,250.00. These sums were provided in the contract schedule and a change order for a heating system. Those payments were deposited in both Land Vest's bank account and American's bank account. $16,250.00 of the payments Brier deposited in Land Vest's account. The house lot title at all times was in the name of Land Vest, which alone had the equipment to build the home. CT Page 2623
The house was not completed by June 30, 1990, and the Karpickis agreed to a series of extensions of the completion date until June 27, 1991, at which time the house was not completed so to obtain a certificate of occupancy. Thereafter, this suit was brought.
The court finds that the defendant, American, breached its contract with the plaintiffs as the house was not so completed within a reasonable time, and therefore awards the plaintiffs the sum of $18,500.00. The court further awards the plaintiffs the sum of $240.00, the value of two ceiling fans given to American by the plaintiffs for installation in the home and never returned to them.
COUNT II.
The Karpickis have failed to establish the elements of conversion. Therefore, judgment should enter for American on that count.
COUNTS III. AND IV.
Brier solely controlled American and Land Vest without observing any corporate formalities. Those corporations were his alter ego. No corporate resolutions, written contracts for the sale of land between those legal entities existed. All decisions concerning 149 Irene Avenue were made solely by Brier. Brier paid personal expenses directly from Land Vest's bank account, paid down obligations of another such entity for which he was personally liable, arrange loans from his wife and brother to replenish the bank account and established and took a salary solely upon his determination to do so. When the Karpickis pressed him to finish their home, he would assure them the house would be completed when he received funds from the sale of other houses. On May 24, 1990, Brier signed a receipt for the $18,500.00, which began "I, Glen Brier," although his signature, hardly legible, contains some scrawled words he claimed were American's name. As they agreed to the extensions of construction, Brier told the real estate agent the Karpickis had no choice, since he had $18,500 of their money, and asked "where are they going to go?"
In these circumstances, equity does require that Brier be held liable as well to the plaintiffs for the sum of $18,500.00. Brier benefited from the transactions, acted as though the CT Page 2624 corporations did not have a separate identity and misled the plaintiffs. See United Electrical Contractors v. Progress Builders, supra; Falcon v. The Night Watchman, 11 Conn. App. 218. Accordingly, judgment may enter for the plaintiffs to recover $18,500.00 from Brier.
COUNT V.
At the time of the contract, American neither owned the subject property or the resources to build the home. It was a shell into which Brier, as sole officer, director and shareholder of an assetless corporation, would transfer the completed house from Land Vest, where he was also sole officer, director and shareholder. There were no corporate resolutions, or written contracts as between American and Land Vest as respects 149 Irene Avenue, and the plaintiffs are entitled to pierce the corporate veil, either under the instrumentality or identity rules. United Electrical Contractors v. Progress Builders,26 Conn. App. 749. The contract itself would lead the plaintiffs to believe erroneously that American, if the contract signatory was the owner and builder of the house, not Land Vest. Accordingly, the plaintiffs are also awarded damages of $18,500.00 against Land Vest.
COUNTS VI., VII., AND VIII.
The Karpickis have also sought damages against American, Land Vest and Brier under the Connecticut Unfair Practices Act (CUTPA).
To establish a CUTPA violation, however, the plaintiffs must prove, as they have not here, that any defendant's unfair trade practice was part of a general course of conduct. Mead v. Burns, 189 Conn. 651, 664-666. Therefore, judgment may enter for the defendants on the CUTPA counts.
Accordingly, judgment may enter for the plaintiffs to recover $18,750.00 against the defendant, American, and $18,500.00 against Land Vest and Brier under Counts One, Three, Four and Five.
Judgment may enter for the respective defendants under Counts Two, Six, Seven and Eight.
McDONALD, J. CT Page 2625