[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Blue Cross Blue Shield of Connecticut, Inc. ("Blue Cross") brings this action seeking judgment against the defendant Devon Precision Industries, Inc. ("Devon") for approximately $40,000. in unpaid premiums for health insurance provided by Blue Cross for Devon's employees. The parties stipulated that Blue Cross provided such insurance from 1969 until February 1, 1992. The premiums in question were due on various dates from December 1989 until February 1, 1992.
A review of the post-trial memoranda filed by the parties reveals a disagreement as to whether the parties "entered into a contract," as alleged in paragraph one of the plaintiff's complaint. The defendant contends in its brief that a written agreement between the parties which was admitted into evidence at trial was insufficient to constitute a contract because certain important terms were missing, including that relating to price.
The defendant's contention, however, fails to address the CT Page 5739 fact that Devon admitted the existence of a contract between the parties in its answer to the complaint. Paragraph one of Devon's answer states, "The Defendant admits so much of Paragraph 1 of the Plaintiff's Complaint that alleges that the parties agreed that the Plaintiff would provide certain insurance coverages to the Defendant and that the Defendant would pay reasonable premiums therefore." Such an admission in an answer to an allegation of a complaint is binding on the defendant as a judicial admission. United Electrical ContractorsInc. v. Progress Builders, Inc., 26 Conn. App. 749, 753
(1992). The defendant is bound by the admission unless it is withdrawn, explained or modified. Id., 753-4.
There was no withdrawal, explanation or modification of Devon's admission in its answer and accordingly, the court finds that there was an agreement that Blue Cross would provide health insurance coverage to Devon and Devon would pay reasonable premiums for such insurance. (Even in the absence of the admission, the court would find from the evidence presented that there was an enforceable agreement between the parties although they did not agree with respect to price. The court would conclude that the parties intended a reasonable price. See, e.g. Presidential Capital Corp. v. Reale, 231 Conn. 500, 507-509
(1994).
The single issue before the court, then, is whether the plaintiff sustained its burden of proving that the premiums for which it seeks judgment were reasonable. Fourteen invoices totalling $40,420.30 are at issue. All fourteen were admitted into evidence over the defendant's objection that there was a lack of foundation for their admission. Based on testimony which identified the invoices as invoices prepared by Blue Cross and sent to Devon, and which remain unpaid at the current time, the foundation objection was overruled. However, the court advised counsel for the plaintiff that if there were no explanation of the basis for the invoices, the plaintiff could not obtain judgment.
The invoices themselves provide virtually no explanation or detail concerning their basis. Almost all the invoices are in the same form as the following one:
MISCELLANEOUS ACCOUNTS RECEIVABLE
This is an additional amount due to the underpayment CT Page 5740 on your bill.
 amount due $19,152.85 amount paid 11,565.75 underpayment 7,587.10
None of the invoices states: the period covered by the invoice, the rate used to calculate the amount due, the date of the invoice or the reason for the additional billing. The only date shown is the due date for payment. A section of the invoice marked "Type of Change" is left completely blank on all of the invoices. Testimony from several employees of Blue Cross established only the following generalities with respect to the invoices: a "miscellaneous" bill is a bill for a shortage; because premiums depend on the number of subscribers (the number of employees insured) for any particular month, the monthly premium can change and the correct amount is not known until after the end of the month after all subscriber changes have been made; bills are generated monthly; and beginning in November, 1989, there were shortfalls in payments made by Devon.
Additional evidence established that Blue Cross would quote new premium rates for Devon annually. Generally, Blue Cross and Devon would negotiate the quoted renewal rates and reach agreement. For the rate year beginning November 1, 1989, Blue Cross proposed rates which were 68 percent higher than the previous year. These rates were unacceptable to Devon, but negotiations to modify the rates were unsuccessful. Devon therefore changed the type of insurance coverage to which it subscribed to a Blue Cross program known as "Alliance for Health," a less costly type of health insurance coverage. This change in coverage took effect February 1, 1990. From November 1, 1989 until February 1, 1990, Devon paid Blue Cross at the same rate which had been in effect since November 1, 1988. Devon paid at this rate because of its refusal to accept the 68 percent higher rates quoted for November 1, 1989.
The court infers from this evidence that some of the fourteen invoices at issue are for the difference between the 1988 and 1989 rates for coverage for the months of November and December 1989 and January 1990. However, the plaintiff failed to provide any testimony which identified those particular invoices. Nor did the plaintiff provide any explanation of the basis for any of the other invoices. For example, there is an invoice with a due date of May 1, 1990 for an alleged under CT Page 5741 payment of $406.76. No explanation of the basis for this bill was ever offered. The court therefore cannot make any finding about that invoice.
Even if the invoices were identified or explained in some manner, the court would nevertheless be unable to determine their reasonableness. The plaintiff failed to provide evidence of the reasonableness of the invoices in question. None of the witnesses testified that the rates on which the invoices are based were "reasonable." None of the Blue Cross employees testified that the rates were reasonable; nor did the plaintiff provide any expert testimony concerning the reasonableness of the rates. There is no evidence in the record upon which the court could base a finding of reasonableness.
The plaintiff did present evidence with respect to how Blue Cross calculated the rates quoted to take effect on November 1, 1989. The rates quoted were the result of a complex calculation involving sixteen different factors. One of the Blue Cross witnesses briefly explained the mathematical calculations which led to the rate quoted for November 1, 1989 and testified that through the calculation, a "fair and adequate" rate was determined for the next renewal year. This testimony was not sufficient to establish the reasonableness of the invoices, however, because the purpose and effect of the formula were not explained. Moreover, the clear, historical course of dealing between Blue Cross and Devon demonstrates that in almost every prior year, Blue Cross, through negotiations, had ultimately agreed to a rate lower than the rate which resulted from the calculation, thus undermining the reliability of the calculation alone as a measure of reasonableness.
The plaintiff claims judgment with respect to one invoice which was undisputed. During the course of trial, the secretary-treasurer of Devon acknowledged that there was no dispute with respect to an invoice with a due date of January 1, 1992 in the amount of $18,587. It is unclear to the court from the testimony whether this invoice remains unpaid. In any event, however, that invoice was not included within the fourteen invoices totalling the $40,420.30 for which judgment is sought in this action. The plaintiff did not seek to amend its complaint to include this invoice and accordingly, the court cannot enter judgment for that invoice.
The plaintiff has failed to sustain its burden of proof CT Page 5742 with respect to the unpaid invoices for which it seeks judgment. Judgment is entered for the defendant, with costs.
/s/ Vertefeuille, J. VERTEFEUILLE