[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Following a hearing in damages (the defendants having been defaulted for failure to appear), the Court assesses damages as follows:
From approximately September 1993 until June 1994, the period of time that the parties resided together, the defendant repeatedly and regularly physically and sexually assaulted the plaintiff. In addition to physical beatings, the plaintiff was frequently threatened with physical harm and in one instance had a gun placed to her head. Her injuries included bruises and abrasions and medical treatment was required on occasion. Other resultant symptoms included despondency, sleeplessness, anxiety and fear. On at least two occasions she sought counseling at a domestic abuse facility.
The plaintiff in her second count has alleged facts sufficient to show that Alan Savides has a unity of interest and ownership of the corporate defendants such that they are not independent corporations, and they were mere shells to unjustly insulate Savides from damages the plaintiff is lawfully entitled to receive. See United Electrical Contractors, Inc. v. Progress Builders, Inc.,26 Conn. App. 749, 755 (1992).
Damages are assessed against all defendants in the amount of $80,000.
The Court declines to void a $4000 promissory note dated June 9, 1994 from the plaintiff to the named defendant which she claims was signed under duress. The complaint makes no such allegations and damages are limited to the allegations of the complaint.
Accordingly, judgment shall enter for the plaintiff against all defendants in the amount of $80,000.
Klaczak, J. CT Page 7371