[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, Achille Presti, filed a complaint against the defendants, Peter Sorbo (Sorbo) and Dimensional Technologies, Inc., (DTI) on March 21, 1996. In response to a request to revise, the plaintiff filed a revised complaint on June 27, 1996, alleging nine counts. On July 26, 1996, the defendants moved to strike counts one, three and five through nine of the plaintiff's complaint and submitted an accompanying memorandum of law pursuant to Practice Book § 155. On August 1, 1996, the defendants filed a corrected memorandum of law. The plaintiff filed an opposing memorandum on August 26, 1996, wherein he agreed not to contest the defendants' motion as to counts one, three, five, seven and nine. Therefore, this motion to strike addresses only counts six and eight of the plaintiff's complaint, both of which allege breach of oral employment contract against DTI and Sorbo as the alter-ego of DTI.
In count six of the revised complaint, the plaintiff alleges that he was employed by DTI on a part-time basis from July, 1992, to November, 1993, and that DTI breached an oral employment contract because it "failed, neglected and refused to pay plaintiff the reasonable value of plaintiff's services." The plaintiff also alleges that Sorbo at all times acted on behalf of DTI, including orally promising to pay the plaintiff for his services. Moreover, the plaintiff claims that "Sorbo completely dominated DTI's finances, policies and business practices in CT Page 6955 respect to the employment of plaintiff in that Sorbo alone gave plaintiff a business card which read: `Achille Presti, Director of Engineering'; Sorbo alone determined the projects on which plaintiff worked; Sorbo alone promised payment for his services to plaintiff; there was no other officer of DTI involved in the business other than Sorbo; Sorbo alone decided to make a couple of payments to plaintiff totalling $3,400; Sorbo alone decided to use funds in the name of DTI to lease or purchase an automobile rather than pay compensation to plaintiff . . ." In addition, the plaintiff alleges that Sorbo performed these acts to perpetrate the wrong of failing to pay the plaintiff his wages, and that these "wrongful acts" caused the plaintiff, among other injuries, to lose the opportunity to find other employment, to forego collecting unemployment compensation and to deplete his savings.
Count eight is for a similar breach of an oral employment contract for the period from November, 1993, to July, 1994, during which the plaintiff was employed at DTI full time as "Director of Engineering." The plaintiff repeats all the allegations of count six, adding only that "Sorbo alone insisted that the defendants needed plaintiff to work full time." In both counts six and eight, the plaintiff alleges that Sorbo was president and sole shareholder of DTI, that DTI is now dissolved for failing to file with the secretary of state two successive annual reports and that Sorbo was the "alter ego of DTI in that Sorbo completely dominated the corporation in its decision-making including decisions concerning all funds that were expended, all engineering projects undertaken, all employees hired, all compensation established for employees, all customers with whom the corporation would deal and what expenses would be paid for himself and his family."
In their corrected memorandum of law, the defendants argue that Sorbo cannot be personally liable for a contract he made for DTI while acting in his capacity as officer of that corporation. Further, the defendants argue that the facts that the plaintiff has alleged are insufficient to pierce the corporate veil. As such, the defendants argue that the plaintiff has no legally sufficient theory under which to hold Sorbo personally liable. The plaintiff, in his memorandum in opposition, argues that he has alleged facts sufficient to support a theory of piercing the corporate veil and to withstand a motion to strike, and that the facts in the present case resemble those of Saphir v. Neustadt,177 Conn. 191, 413 A.2d 843 (1979), where the court found the defendant liable by piercing the corporate veil.[1]
CT Page 6956
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint. . . ." (Internal quotation marks omitted.) Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint . . . . [and] must construe the facts . . . most favorably to the plaintiff." Novametrix Medical Systems, Inc. v.BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). "If facts provable under the allegations would support a . . . cause of action, the motion to strike must be denied." RK Constructors,Inc. v. Fusco Corp., 231 Conn. 381, 384, 650 A.2d 153 (1994). However, "[a] motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOCGroup, Inc., supra, 224 Conn. 215.
"[A] fundamental attribute of the corporate form is that it shields the shareholders, directors and officers from personal liability . . . ." Campisano v. Nardi, 212 Conn. 282, 288,562 A.2d 1 (1989). "To hold a corporate officer personally liable for wrongdoing, there must be a sufficient factual basis for a court to pierce the corporate veil." United Electrical Contractors,Inc. v. Progress Builders, Inc., 26 Conn. App. 749, 755,603 A.2d 1190 (1992). "The corporate veil will be pierced when `the corporate entity has been so controlled and dominated that justice requires liability to be imposed on the real actor.'" Id., quoting Saphir v. Neustadt, supra, 177 Conn. 209.
"Under the instrumentality rule, a shareholder, director, or officer of a corporate entity can be held personally liable for corporate actions that, in economic reality, are those of the individual . . . . We have consistently held that the instrumentality rule requires proof of three elements: (1) [c]ontrol, not mere majority or complete stock control, but complete domination, not only of finances but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; (2) that such control must have been used by the defendant to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or a dishonest or unjust act in contravention of the plaintiff's rights; and (3) that the aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of." (Citations omitted. CT Page 6957 Internal quotation marks omitted.) Season-All Industries, Inc. v.R. J. Grosso, Inc., 213 Conn. 486, 490, 569 A.2d 32 (1990). "The circumstances which have been considered significant in an action to disregard the corporate entity have rarely been articulated with any clarity. . . . Therefore, each case in which the issue is raised should be . . . decided in accordance with its own underlying facts." (Internal quotation marks omitted.) AngeloaTomasso, Inc. v. Armor Construction Paving, Inc., 187 Conn. 544,555-56 n. 7, 447 A.2d 406 (1982).
The defendants challenge the plaintiff's compliance with the first and second prongs of the instrumentality test by contending that "it hasn't been adequately alleged that DTI lacked a separate mind, will and existence apart from Sorbo" or that "Sorbo committed a fraud or wrong in his position as [p]resident of DTI." In order to determine whether the plaintiff has pleaded sufficiently to hold Sorbo liable as DTI's alter-ego, each requirement of the test will be addressed separately.
First, the plaintiff must have alleged that Sorbo completely dominated the finances, policy and practices of DTI with respect to the transaction attacked. The plaintiff's allegations must be factual, as opposed to conclusory, Novametrix Medical Systems,Inc. v. BOC Group, Inc., supra, 224 Conn. 215; Regulbuto v.General Health Management, Inc., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 371842 (January 29, 1991, Clark, J., 3 Conn. L. Rptr. 686), and the plaintiff must show that Sorbo's dominance is not just general, but rather relates to the specific matter at hand, i.e. DTI's hiring of the plaintiff and alleged failure to pay the plaintiff his wages. See Weinberg v. Isom, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 140152 (December 26, 1995, Lewis, J.). In counts six and eight, the plaintiff alleges that Sorbo, acting as DTI's president, hired the plaintiff, determined which projects he would work on, promised him payment, failed to pay him, and decided how else DTI should spend its funds. In count eight, the plaintiff adds that Sorbo alone decided that the plaintiff should work full time. Moreover, the plaintiff alleges that Sorbo completely dominated DTI in these actions and decisions. It is the opinion of the court that these allegations are adequately factual and tailored to the cause of action to meet the first prong of the test.
Secondly, the plaintiff must allege that the control exercised by Sorbo was used to commit a fraud or wrong, which may CT Page 6958 include the perpetration of a statutory violation or "a dishonest or unjust act in contravention of the plaintiff's rights."Season-All Industries, Inc. v. R. J. Grosso, Inc., supra,213 Conn. 490. The circumstances that will demonstrate such a wrong depends on the facts of the particular case. Campisano v. Nardi,
supra, 212 Conn. 293.[2] The plaintiff alleges that Sorbo used his domination over DTI to deny the plaintiff his promised wages, and to instead spend DTI money on an automobile. Such an allegation meets the test of showing the perpetration of a dishonest and unjust act in violation of the plaintiff's rights. See Jones v. Ippoliti, Superior Court, judicial district of Tolland at Rockville, Docket No. 53116 (August 11, 1995, Rittenband, J.). Moreover, the plaintiff alleges that DTI was dissolved for failing to file annual reports, which constitutes a showing of a statutory violation.[3] It is found that the plaintiff has complied with the second prong of the test.
Finally, the plaintiff must show that Sorbo's dominance and breach of duty proximately caused the plaintiff's injuries. The plaintiff alleges that Sorbo's promise to pay and wrongful withholding of his wages has caused him to forego unemployment insurance and the opportunity to work elsewhere, to deplete his savings, and to lose the interest from those savings. There are sufficient allegations to meet the third prong of the test for piercing the corporate veil.
"[O]n a motion to strike the plaintiff's allegations must be taken in his favor, not to his detriment." Schmidt v. YardneyElectric Corp., 4 Conn. App. 69, 75, 492 A.2d 512 (1985). The sixth and eighth counts of the plaintiff's complaint, when examined in a favorable light, provide a sufficient factual basis to pierce the corporate veil. As such, the defendant's motion to strike is denied.
RYAN, J.