[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
FACTS
The plaintiff, KLM Industries, Inc., instituted this action against four defendants, returnable April 7, 1998.
Originally named as defendants were Michael and Rebecca Tylutki, People's Bank, and Home Investment Corporation.
Withdrawals of action were filed as to the Tylutkis and People's Bank.
By motion, dated December 22, 1999, the plaintiff sought to add John Voloshin as a party defendant. CT Page 11531
That motion was granted by the Court, Curran, J., on January 18, 2000.
Contemporaneous with the motion to cite in party defendant, the plaintiff filed a six count amended complaint.
KLM Industries, Inc. initiated this action to recover for materials furnished in connection with the construction of a single family dwelling located at Lot 10 Eisenhower Drive, Milford.
Two wholly owned subsidiaries of KLM Industries, Inc., Stevenson Lumber Company, Inc. and Stevenson Millwork, Inc., furnished materials used in the construction of the dwelling on or about June 30, 1997.
The materials were sold to Home Investment Corporation, LLC.
The finished home was sold for $288,000 to Michael and Rebecca Tylutki by Home Investment Corporation, LLC by warranty deed (Ex. 2).
Home Investment Corporation, LLC at all times acted through its president, John H. Voloshin (Ex. 1, contract of sale, and Ex. 2, warranty deed).
In its amended complaint, counts one, two and three are directed against Home Investment Corporation, LLC, while counts four, five and six seek recovery against John H. Voloshin, individually.
Count one alleges a balance due the plaintiff, while count two alleges unjust enrichment.
Count three alleges the use of a forged mechanics lien waiver (Ex. 4), on which the plaintiff claims to have relied to its detriment.
Counts four, five and six mirror the first three counts, but seek to impose liability upon John H. Voloshin.
The counts allege fraud, and forgery of an instrument.
The plaintiff claims that the defendant Voloshin exercised control over the limited liability company, Home Investment Corporation, LLC, and did so for the purpose of committing a wrong or a fraud against the plaintiff.
The plaintiff argues that the court should pierce the corporate veil attaching to Home Investment Corporation, LLC, and find the defendant CT Page 11532 Voloshin liable personally for the debt.
The evidence demonstrated that materials and supplies totaling $32,340.38 were sold by either Stevenson Lumber Company, Inc., or Stevenson Millwork, Inc., for use in the construction of a single family dwelling at Lot 10 Eisenhower Drive, Milford (Ex. 6)
The defendant John H. Voloshin does not dispute the delivery of materials to Lot 10, but disputes the balance due.
He suggested that approximately $24,000 was due for the materials, but offered no documentation or independent testimony in support of that figure.
In December of 1997, John H. Voloshin issued a check to the Stevenson Lumber Company drawn on an account at New Haven Savings Bank, in the amount of $35,911 (Ex. 3).
The check was returned, due to insufficient funds.
Checks in that account were signed by both the defendant John H. Voloshin and his wife Linda Voloshin (Ex. 10-20).
The defendants claim that all orders for materials and supplies were placed through either Stevenson Lumber, Inc. or Stevenson Millwork, Inc.
Therefore, they argue, KLM Industries, Inc., lacks standing to recover from either defendant.
At trial, it was acknowledged that all dealings were conducted through Stevenson Lumber, Inc. or Stevenson Millwork, Inc., both of which are wholly owned subsidiaries of KLM Industries, Inc.
Alfred Netter, the chief managing officer of KLM Industries, Inc. testified that the accounts were assigned for collection to the parent company, for purposes of convenience.
In its request for leave to amend filed June 25, 2001, an allegation is made that the accounts were assigned to KLM Industries, Inc.
This amendment conforms to the testimony of the chief managing officer.
THE DEBTS WERE VALIDLY ASSIGNED
Alfred Netter testified that the collection accounts were assigned by CT Page 11533 the wholly owned subsidiaries to the parent corporation for purposes of convenience.
In the original writ, summons and complaint, the plaintiff alleged that Stevenson Lumber Company and Stevenson Millwork were wholly owned subsidiaries of KLM Industries, Inc.
The uncontradicted testimony at trial established the nature of the interrelationship, and the assignment of the right to initiate legal action to collect the unpaid accounts to KLM Industries, Inc.
It is therefore found, that KLM Industries, Inc. as the parent corporation of two wholly owned subsidiary corporations, is duly authorized to bring and to prosecute this action to collect monies owed to Stevenson Lumber Company, Inc. and to Stevenson Millwork, Inc.
MONIES ARE OWED TO KLM BY HOME INVESTMENT CORPORATION, LLC
The defendant John H. Voloshin, admits that materials were provided for use in the construction of a single family dwelling at Lot 10 Eisenhower Drive in Milford.
His claim that the amount owed is less than the amount listed in Exhibit 6, $32,340.38, lacks both credibility, "and any independent basis in the evidence.
No documentation was introduced in support of an amount less than that claimed in Exhibit 6, by the defendant John Voloshin.
Nor did he attempt to challenge in any way, the reasonable value of the goods and materials provided by the wholly owned subsidiaries of KLM Industries, Inc.
The plaintiff claims that by drawing a check in the amount of $35,911 on an account maintained by Home Investment Corporation, LLC, the defendant agreed to pay interest on the debt, even though no written agreement to pay interest exists.
The check does not create an obligation to pay interest, in that any such obligation is not supported by consideration.
Although the issuance of the check is certainly evidence that monies were due and owing, and that Home Investment Corporation, LLC acknowledged the existence of the debt, the plaintiff can not profit from the fact that interest may have been included, even though no interest CT Page 11534 was legally due and payable.
Therefore, the plaintiff, KLM Industries, Inc. is entitled to judgment in the amount of $32,340.38 on counts one and two of its amended complaint.
THE EVIDENCE FAILS TO PROVE THAT ANY FORGERY OCCURRED
The plaintiff claims that the defendant John Voloshin signed, or caused to be signed, a waiver of mechanics lien on behalf of the suppliers of lumber used at Lot 10, Eisenhower Drive.
The waiver, Exhibit 4, is signed in the area reserved for a lumber supplier, and the name "Stevenson" is written on the side.
The writing, although ambiguous, appears to be the name "Steve Baldino."
John Voloshin ordered lumber for Lot 10 Eisenhower Drive from Stevenson Lumber, through one John Baldino.
John Baldino, the testimony revealed, did not sign Exhibit 4 on behalf of Stevenson Lumber.
John Voloshin testified that the signature on the waiver of mechanics lien was not placed there by him.
He did not recall the precise circumstances, but believed the signature was obtained by the project superintendent, and was given to him with the name "Steve Baldino" already affixed.
John Voloshin testified that he obtained some of the signatures on Exhibit 4, and others were obtained by the superintendent.
He was unable to be more specific as to the individual signatures on the waiver form.
Although representatives of the plaintiff and its wholly owned subsidiaries testified that the signature was not authorized by Stevenson Lumber, the plaintiff has not sustained its burden of proving that John Voloshin either signed the document, or knew that the signature was false when the waiver of lien was given to him prior to the closing of title.
Without expert testimony as to the source of the writing, or any direct evidence concerning the circumstances under which it was signed, it can not be found that the plaintiff has sustained its burden of proving that CT Page 11535 John Voloshin was responsible for the alleged forgery.
Therefore, judgment should enter in favor of both of the defendants as to count 3 and count 6 of the amended complaint.
JOHN VOLOSHIN IS INDIVIDUALLY LIABLE FOR THE DEBT INCURRED
Counts four and five of the December 22, 1999 amended complaint seek judgment against the defendant John Voloshin, individually, for the goods and materials provided, and under the theory of unjust enrichment.
The plaintiff claims that the court should pierce the corporate veil shielding Home Investment Corporation, LLC, in order to reach the individual assets of John Voloshin.
Limited Liability Companies (LLC) are authorized pursuant to Chapter 613 of the Connecticut General Statutes.
Section 34-133 (a), in exempting members of an LLC from personal liability, states:
 ". . . . a person who is a member . . . of a limited liability company is not liable, solely by reason of being a member or manager . . . for a debt, obligation or liability of the limited liability company. . . ."
The statutes further provide, in § 33-133 (b), that the liability of a member of an LLC is no greater than "that of a shareholder . . . who is an employee of a corporation formed under Chapter 601."
This doctrine of piercing the corporate veil, as applied to corporations, also applies to a limited liability company. Batsan v. RJMAssociates, LLC, et al, 29 Conn. L. Rptr. No. 17 p. 46 (2001).
The practice of disregarding the corporate entity, or piercing the corporate veil, should be undertaken with great caution, and only when exceptional circumstances warrant. Zaist v. Olson, 154 Conn. 563, 581
(House, dissenting): United Electrical Contractors, Inc. v. ProgressBuilders, Inc., 26 Conn. App. 749, 755 (1992).
Such exceptional circumstances would include instances in which a corporation is a mere shell, serving no legitimate purpose, and is used to promote or perpetuate fraud or injustice. SFA Folio Collections, Inc.v. Bannon, 217 Conn. 220, 230 (1991).
Courts will disregard the fiction of a separate legal entity, to pierce CT Page 11536 the shield of immunity afforded by the corporate structure in a situation in which the corporate entity has been so controlled or dominated that justice requires liability to be imposed on the real actor. Saphir v.Neustadt, 177 Conn. 191, 209 (1979); Falcone v. Night Watchman, Inc.,11 Conn. App. 218, 220 (1987).
Two rules have been formulated as guides in determining when the corporate shield should be disregarded: the "instrumentality rule" and the "identity rule." Angelo Tomasso, Inc. v. Armor Construction Paving, Inc., 187 Conn. 544, 558-560; Zaist v. Olson, supra, 575-76.
The instrumentality rule, requires proof of three elements; 1) control, not merely majority or complete stock control, but complete domination, not only of finances but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own 2) such control must have been used by the defendant to commit fraud or wrong, to perpetuate the violation of a statutory or other positive legal duty, or a dishonest or unjust act in contravention of the plaintiff's legal rights, and 3) that the aforesaid control and breach of duty must proximately cause the injury or loss complained of. Zaist v.Olson, supra, 575.
The identity rule states that if a plaintiff can show that there was such a unity of interest and ownership that the independence of the corporations had in effect ceased or had never begun, an adherence to the fiction of separate identity would serve only to defeat justice and equity by permitting the economic entity to escape liability arising out of an operation conducted by one corporation for the benefit of the whole enterprise. Zaist v. Olson, supra, 575-76.
The concept of piercing the corporate veil is equitable in nature, and the application of these rules necessarily compels a case-by-case analysis, because circumstances vary according to the facts of a particular case. Angelo Tomasso, Inc. v. Armor Construction Paving,Inc., supra, 555-56.
John Voloshin is the sole shareholder of Home Investment Corporation, LLC.
He personally arranged for the purchase of goods and materials for the construction of the dwelling at Lot 10 Eisenhower Drive, and signed documents on behalf of the LLC.
He exercised complete control over the management of the corporation, and was responsible for the hiring and supervising of all employees and CT Page 11537 independent contractors.
Although it can not be found, based upon the evidence, that Exhibit 4 contains a forgery for which John Voloshin is responsible, he was clearly in a position to profit from the signing of the document by one who was not authorized to sign on behalf of Stevenson Lumber Company.
During the same year in which substantial sums of money were withdrawn from Home Investment Corporation for the benefit of John Voloshin and members of his immediate family, he drafted a check in the amount of $35,911, which was returned for insufficient funds.
No check was reissued to the plaintiff by John Voloshin.
Linda Voloshin, the wife of the defendant, testified during trial but could recall little or nothing of the affairs of Home Investment Corporation, LLC.
It is therefore found, based upon the evidence presented, that John Voloshin exercised complete control over the finances, practices, management decisions, hiring, and other related policies of the Home Investment Corporation, LLC.
It is further found, that such control has been utilized by the defendant John Voloshin to commit a wrong, and to frustrate the payment of a lawful debt for goods and materials provided by the wholly owned subsidiaries of the plaintiff, KLM Industries.
It is found that substantial sums of money were withdrawn from the Home Investment Corporation account, while the debt to the plaintiff remained unpaid, and that large sums were provided to the defendant and members of his immediate family.
It is found, that as a result, the plaintiff KLM Industries, Inc. has been damaged, and has suffered financial loss due to the wrongful withholding of payment by the defendant John Voloshin.
It is further found, that to adhere to the fiction of a separate legal existence between Home Investment Corporation, LLC and John Voloshin, would serve to defeat justice and equity, and would allow John Voloshin to avoid payment of a lawful debt due to the plaintiff, KLM Industries, Inc.
CONCLUSION
It is found, that the plaintiff, KLM Industries, Inc., shall recover CT Page 11538 the sum of $32,340.38 from the defendants, Home Investment Corporation, LLC, and John Voloshin.
It is further found that both the defendant John Voloshin, and Home Investment Corporation, LLC, wrongfully detained monies due the plaintiff, after payment was due.
It is therefore found, pursuant to § 37-3a of the Connecticut General Statutes, that the plaintiff, KLM Industries, shall recover interest for three years, at 10 percent per annum, or $3,235 per year, from each defendant.
It is found, that the defendants, Home Investment Corporation, LLC and John Voloshin, are jointly and severally liable to the plaintiff, KLM Industries, Inc. in the amount of $32,340.38 plus interest for three years at 10 percent per annum, $9,705.
Judgment may enter in favor of the plaintiff on counts one, two, four and five, as against both defendants, in the amount of $42,045.38 plus costs in this action.
Judgment may enter in favor of the defendants on counts three and six.
RADCLIFFE, J.